## COMMONWEALTH *vs.* TERENCE O'DONNELL.

A license granted under St. of U. S. of 1862, *c.* 119, does not authorize the sale of intox-
icating liquors in this commonwealth, in violation of the statutes of this commonwealth,
although such sale is only incidental to the seller's main business.

Keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and
being a common seller of intoxicating liquors during the same time and at the same place,
are distinct offences, and a conviction for one is no bar to an indictment for the other,
although the same acts are relied upon in proof of both charges.

INDICTMENT for being a common seller of intoxicating liquors.

At the trial in the superior court, before *Rockwell*, J., the' defendant offered to prove a license under the St. of U. S. of 1862, *c.* 119, authorizing him to sell liquors by retail during the time covered by the indictment; and, there being evidence that

confectionery, tobacco and other articles were kept for sale at the defendant's place of business, he asked the court to rule that if the jury should find that the sale of those articles was his main business, and the sales of liquor testified of were only incidental to or growing out of his legitimate business, and did not of themselves amount to a business, trade or occupation, in the general understanding of those words, his license would be a protection to him. The judge declined so to rule.

The jury returned a verdict of guilty ; and afterwards, before sentence, another verdict of guilty was rendered against him upon an indictment for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors during the same time and at the same place alleged in this indictment, and the same acts were relied upon to sustain both indictments. The defendant objected to sentence being pronounced upon him upon this indictment, but the judge overruled the objection.

At the trial of the *second* indictment, for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, the defendant contended that the conviction upon the first indictment, under the circumstances above stated, was a bar to the second ; but the judge ruled otherwise.

The defendant alleged exceptions.

*W. Allen, Jr.,* for the defendant.

*Foster,* A. G., for the Commonwealth.

METCALF, J. It was decided in *Commonwealth* v. *Thorniley,* 6 Allen, 445, that a license under the United States St. of 1862, *c.* 119, does not authorize sales of intoxicating liquor, which are (in the words of that statute) " in violation of the laws of any state or territory ; " and as the selling of such liquor, though not the seller's main business, but only incidental to his lawful main business, is as much a violation of our state laws, when it is not thereby authorized, as any other unauthorized selling thereof, there is no plausible pretence for holding that such selling is protected by such license.

The questions raised by the other exceptions in these cases are settled by authority. In *Commonwealth* v. *Bubser,* 14 Gray, 83, and *Commonwealth* v. *Cutler,* decided in 1864, and not yet

reported, it was adjudged that neither an acquittal nor a conviction of the charge of keeping a tenement for the unlawful sale of intoxicating liquor is a bar to an indictment for being a common seller of such liquor during the same time and at the same place. It follows that an acquittal or conviction of the charge of being a common seller of such liquor is not a bar to an indictment for keeping a tenement, during the same time and at the same place, for the unlawful sale of such liquor. The reason is precisely the same in both cases, to wit, that the two offences are not the same, but different, and that each is separately punishable. *Exceptions overruled.*